IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BEVERLY MILLER and ROGER PLATE, on behalf of themselves and all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>      Defendant. | CIVIL ACTION<br><br>NO. _____<br><br>JURY TRIAL DEMANDED<br><br>CLASS ACTION COMPLAINT |

## PLAINTIFFS' INDIVIDUAL AND CLASS ACTION COMPLAINT

Plaintiffs, Beverly Miller ("Miller") and Roger Plate ("Plate") (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, file this Complaint against Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant"), showing in support as follows:

### I. NATURE OF THE CASE

1. This is a civil action brought by Plaintiffs pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219, the federal Portal-to-Portal Act, 29 U.S.C. §§ 251-262, (collectively, "FLSA"), the Pennsylvania Minimum Wage Act of 1968, 43 Pa. Cons. Stat. Ann. § 333.101, *et seq.* ("PMWA"), and the Pennsylvania Wage Payment and Collection Law, 43 Pa. Cons. Stat. Ann. §§ 260.1, *et seq.* ("PWPCL") (collectively, "Pennsylvania State Law") for Defendant's failure to pay Plaintiffs time and one-half their regular rates of pay for all hours worked over 40 during each seven day workweek.

2. Plaintiffs file this lawsuit individually under the FLSA and as a class action pursuant to Federal Rule of Civil Procedure 23 under the PMWA and PWPCL.

3. Plaintiffs bring this lawsuit individually under the FLSA for Defendant's failure to pay them time and one-half their regular rates of pay for all hours worked over 40 during each seven-day workweek. Specifically, Defendant failed include all remuneration required by the FLSA in calculating Plaintiffs' regular rates of pay, and, consequently, their overtime rates of pay. Moreover, Defendant required Plaintiffs to work time for which they were not compensated, and seek damages under the FLSA for that "off-the-clock" work that they performed. In connection with their claims, Plaintiffs seek all damages available under the FLSA, including back wages for the three year period prior to filing this lawsuit and forward, liquidated damages, legal fees, costs, and post-judgment interest.

4. Plaintiffs also bring this lawsuit on behalf of themselves and similarly situated and former Pennsylvania employees of Defendant (putative "Class Members") under Pennsylvania State Law for Defendant's failure to pay Plaintiffs and Class Members time and one-half their regular rates of pay for all hours worked over 40 during each seven-day workweek. Defendant failed to include all remuneration required by the PMWA in calculating Plaintiffs' and Class Members' regular rates of pay, resulting in a failure to pay all overtime wages which were owed. Furthermore, Defendant required Plaintiffs and Class Members to work time without compensation, *i.e.*, "off-the-clock." Defendant's failure to timely pay all wages owed under the PMWA resulted in violations of the PWPCL. Plaintiffs file this claim as a class action pursuant to Federal Rule of Civil Procedure 23. The relevant time period for the Pennsylvania State Law claim is three years preceding the date this lawsuit was filed and forward.

5. Due to the scale of Defendant's operations in Pennsylvania, the potential class is so numerous as to make joinder of all class members impracticable. Plaintiffs do not know the exact size of the class since such information is in the exclusive control of the Defendant. On

information and belief, however, the number of potential class members is estimated to be in excess of 1,000 individuals.

6. The scope of the class action claims in this lawsuit is limited to individuals who worked for Defendant's operations in Pennsylvania for the time period of three years preceding the date of filing this lawsuit and forward.

7. Plaintiffs and Pennsylvania Class Members seek all damages available under the PMWA and PWPCL, including back wages, liquidated damages, legal fees, costs, and post-judgment interest. These employees are similarly situated under the class action provisions of Rule 23.

## II. THE PARTIES, JURISDICTION, AND VENUE

### A. Plaintiff Beverly Miller

8. Miller is a natural person who resides in Camden County, New Jersey. She has standing to file this lawsuit.

9. Miller is a former employee of Defendant.

10. Miller worked as a Service Manager 1 for Defendant from approximately December 2010 to August 2016. Miller's job duties included managing tellers and their schedules, coaching tellers on sales and customer service, ensuring that the banking branch's operations were in compliance with federal and state laws and regulations, and assisting the Store Manager (branch manager) with overall running of the branch.

11. Miller was paid an hourly rate by Defendant of approximately $19.58 per hour.

### B. Plaintiff Roger Plate

12. Plate is a natural person who resides in Montgomery County, Pennsylvania. He has standing to file this lawsuit.

3

13. Plate is a former employee of Defendant.

14. Plate worked as a Personal Banker for Defendant from approximately January 2010 to December 2013. Plate's job duties included opening, maintaining, and closing accounts for customers, generating sales leads and meeting sales goals, and marketing Defendant's products and services to the community.

15. Plate was paid an hourly rate by Defendant of approximately $19 per hour.

C. **Pennsylvania State Law Class Members**

16. The putative Pennsylvania State Law Class Members ("Class Members") are all current and former hourly paid bank employees of Defendant who, like Plaintiffs, worked for Defendant in the state of Pennsylvania and were not paid all overtime wages owed pursuant to the PMWA as a result of Defendant's failure to calculate their respective regular rates of pay in accordance with PMWA and related regulations. As a result of that violation of the PMWA, the Pennsylvania State Law Class Members were not timely paid all wages owed by Defendant within the deadlines set forth in the PWPCL.

17. While their precise job duties might vary somewhat as hourly paid retail bank employees (*i.e.* teller, lead teller, personal banker, service manager, store manager, etc.), those differences do not matter for purposes of determining their entitlement to overtime pay under Pennsylvania State Law.

18. The relevant time period for the claims of the Class Members is three years preceding the date this lawsuit was filed and forward.

D. **Defendant Wells Fargo Bank, N.A.**

19. On information and belief, Defendant is a foreign corporation incorporated under the laws of the State of Delaware.

4

20. During all times relevant to this lawsuit, Defendant has done business in the State of Pennsylvania.

21. Defendant operates numerous bank branches throughout Pennsylvania, and across the United States, in which retail banking employees provide banking and financial services to customers.

22. At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

23. At all times relevant to this lawsuit, Defendant employed, and continues to employee, two or more employees.

24. At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

25. For example, Defendant employed two or more employees who regularly engaged in commerce in their daily work. Examples of that commerce include providing financial services to customers located throughout the United States.

26. Furthermore, Defendant employed two or more employees who regularly handled, sold, or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include financial products and services which are accessible in various states throughout the country.

27. On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

28. Defendant may be served with summons through its registered agent, Corporation Service Company, 2595 Interstate Drive, Suite 103, Harrisburg, Pennsylvania 17110.

E.   **Jurisdiction and Venue**

29.   The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

30.   During all times relevant to this lawsuit, Defendant has done business in the State of Pennsylvania and continues to do business in the State of Pennsylvania.

31.   The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiffs base their claims, in part, on federal law, namely the FLSA. The Court may properly exercise supplemental jurisdiction of the Pennsylvania state law claim under 28 U.S.C. § 1367.

32.   Venue is proper in the United States District Court for the Eastern District of Pennsylvania because a substantial part of the events giving rise to the claims in this lawsuit occurred in this judicial district.

33.   Venue is proper in the Philadelphia Division of the United States District Court for the Eastern District of Pennsylvania because a substantial part of the events giving rise to the claims in this lawsuit occurred in the Philadelphia Division.

### III.   FACTUAL BACKGROUND

34.   Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

35.   Plaintiffs and Class Members provided retail banking services as hourly paid employees of Defendant. Plaintiffs' and Class Members' primary job duties consisted of handling financial transactions for customers; opening, maintaining, and closing accounts for customers; meeting sales goals; and ensuring operations of branches were in compliance with state and federal laws and regulations. Plaintiffs and Class Members worked in Defendant's

Pennsylvania banking branches. During times relevant, Defendant operated up to approximately 270 bank branches throughout Pennsylvania.

36. Defendant paid Plaintiffs and Class Members an hourly rate of pay. Defendant paid Plaintiffs in the approximate amounts previously stated.

37. Plaintiffs were non-exempt employees under the FLSA and Plaintiffs and Class Members were non-exempt employees under the PMWA. When they worked more than 40 hours per seven-day workweek, they were entitled to receive overtime premium compensation at the rate of one and one-half times their regular rate of pay for all such hours worked over 40.

38. Due to the demands of their jobs, Plaintiffs and Class Members were routinely required to work more than 40 hours per seven-day workweek.

39. In addition to receiving hourly pay, Plaintiffs and Class Members were also eligible for and received additional remuneration, including performance based bonus compensation for meeting the sales quotas required by Defendant.

40. Defendant had a practice and policy to generally pay Plaintiffs and Class Members for only 40 hours in a given seven-day workweek maximum, regardless of the amount of hours actually worked. In other words, Defendant would not allow Plaintiffs to input overtime hours into Defendant's timekeeping system, but required them to work in excess of 40 hours in a given seven-day workweek.

41. Defendant had a policy and/or practice of pressuring, coercing, and punishing Plaintiffs and Class Members into omitting overtime hours, despite routinely working over 40 hours a week in a given seven-day workweek. This resulted in Defendant failing to include all remuneration required by the FLSA and PMWA in calculating Plaintiffs' and Class Members' regular rates of pay. This resulted in Plaintiffs not being paid all overtime compensation owed by

Defendant pursuant to the FLSA and Plaintiffs and Class Members being under compensated per the PMWA. Defendant's failure to pay all over time wages owed pursuant to the PMWA in the timelines required by the PWPCL resulted in Defendant also violating the PWPCL.

42. For example, Plaintiffs and other hourly paid retail banking employees were required to arrive at work earlier than their scheduled shifts to participate in daily conference calls with salaried retail banking management and regional management ("Management") to discuss the day's sales quotas, but Defendant's policy was to not pay Plaintiffs and other hourly retail banking employees for this additional work. Plaintiffs and other hourly paid retail banking employees were not allowed to input this additional time in their timesheets. Additionally, Plaintiffs and other hourly paid retail banking employees were required to remain later than scheduled on many days if sales goals were not met and Defendant had a policy and/or practice of not allowing employees to include this additional time on their timesheets. In fact, on many occasions Management would reduce or remove overtime hours inputted by Plaintiffs and other hourly paid retail banking employees into their respective timesheets so as not to pay them theovertime premium compensation to which they were entitled.

43. Defendant also had a policy and practice of formally reprimanding Plaintiffs and other hourly retail banking employees for including overtime in their timesheets for hours worked over 40 in a given workweek. Because Defendant's policy and/or practice of issuing formal reprimands for working overtime hours could lead to termination of employment, Plaintiffs and other hourly retail banking employees omitted all hours worked over 40 in a given seven-day workweek, even though they were still required to work those hours by Management, for fear of losing their job.

8

44. Furthermore, on information and belief, when a branch was short-staffed, Plaintiffs and other hourly paid retail banking employees were often required to work longer than their scheduled shifts. In such situations, Plaintiffs and other hourly paid retail bank employees were required by Management to work longer than their scheduled shift to ensure that the branch could continue to operate smoothly This meant that they were regularly and routinely working over 40 hours in a given seven-day workweek, but they were not permitted to record any of these extra hours of work which might result in overtime pay being due to them.

45. Finally, because Defendant's policies and procedures required that certain retail banking employees approve transactions over a certain dollar amount and required at least two employees carrying different sets of combinations and/or keys to open the bank vault and other secured areas (a policy called "dual control"), Plaintiffs and other hourly paid retail banking employees were regularly required to work over 40 hours in a given seven-day workweek. Plaintiffs and other hourly paid retail banking employees often would not be able to leave for lunch breaks, or were made to arrive prior to the start of their scheduled shift or leave after their shift was supposed to end. But Defendant's policies and/or practices meant they were not compensated for this pre-shift or post-shift work.

46. On information and belief, Plaintiffs and other hourly paid retail banking employees of Defendant were routinely required to work six days a week, and, on average, over ten hours a day, primarily to meet Defendant's daily, quarterly, and annual sales goals. However, they were not allowed to input all hours worked on their timesheets. This resulted in the loss of significant overtime hours for all hours worked over 40 in a given seven-day workweek. Plaintiffs and other hourly paid retail banking employees were not permitted to record these hours on their timesheet despite Management requiring them to stay.

9

47. Defendant had notice of potential liability for unpaid overtime wages throughout the relevant time period pertaining to this lawsuit. Management had knowledge of the obligation to pay overtime compensation to Plaintiffs and other hourly paid retail banking employees for all hours worked over 40 in a given workweek. Management also had knowledge that Plaintiffs and other hourly paid retail banking employees regularly worked off-the-clock hours and were not paid time and one-half their full regular rates of pay for all overtime hours worked. Accordingly, this knowledge is imputed to Defendant.

48. On information and belief, Management knowingly encouraged, permitted, and required Plaintiffs and other hourly paid retail banking employees to generally not claim compensation for work performed both before and after their scheduled shifts and during their unpaid meal breaks. Management was routinely present, on pre-shift conference calls when Plaintiffs and other hourly paid retail banking employees worked without compensation. Management was also routinely present in the branch while Plaintiffs worked off-the-clock before and after their scheduled shift, and during unpaid lunch breaks. Management knew/had reason to believe that Plaintiffs and other hourly paid retail banking employees were working more hours than reported on their time sheets/to payroll. Furthermore, Plaintiffs and other hourly paid retail banking employees were encouraged, expected, and required to engage in generating customer sales leads after typical business hours and on weekends. Management knew/had reason to believe that those additional hours worked by Plaintiffs and other hourly paid retail banking employees were not paid.

49. In short, on information and belief, Defendant's Management knew/had reason to believe that Plaintiffs and other hourly paid retail banking employees were encouraged, permitted, and required to work overtime hours for which they were not paid corresponding

overtime compensation in order to boost sales quota numbers while keeping labor costs to a minimum.

50. Plaintiffs worked with numerous other hourly paid retail banking employees of Defendant at Pennsylvania bank branches. Like Plaintiffs, these employees, before, during, and after Plaintiffs' dates of employment routinely work/worked in excess of 40 hours per workweek, are/were entitled to overtime premium compensation at one and one-half times their respective regular rates of pay for all overtime hours worked, are/were paid additional remuneration, including performance based bonuses for meeting sales quotas required as part of their job duties, in addition to their hourly rate, and did not/do not receive all overtime compensation owed by Defendant due to Defendant not including all remuneration and hours worked as required by the FLSA and the PMWA in their respective regular rates of pay. For the same reasons as Plaintiffs, this also resulted in violations of the PWPCL.

51. During times relevant, Defendant operates/operated numerous other banking branches throughout Pennsylvania, and across the United States, at/from/through which it conducted retail banking services for its customers. On information and belief, Defendant employed, and continues to employee, hourly retail banking employees at/from/through those banking branches in Pennsylvania who are similarly situated to Plaintiffs and who, despite being entitled to overtime premium compensation at one and one-half times their regular rates of pay for all hours worked over 40 in a workweek as FLSA non-exempt employees, were not paid all overtime compensation owed due to Defendant's failure to compensate them for all hours they worked and Defendant's failure to include all remuneration required by Pennsylvania State Law in their respective regular rates of pay. Such remuneration includes performance based bonuses for meeting sales quotas required as part of their job duties.

52. On information and belief, Defendant continues to employ hourly retail banking employees who are subject to the aforementioned practices/policies to not include all hours worked and all remuneration required by Pennsylvania State Law in their respective regular rates of pay when calculating the overtime wages owed to them.

## IV. FIRST CLAIM FOR RELIEF: FLSA CLAIM

53. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

### A. Controlling Legal Rules

54. The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

55. "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

56. "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 288 (2nd Cir. 2008) (same).

57. Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things, the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours

12

worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

58. The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee … ." 29 U.S.C. § 207(e). With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Allen v. Board of Pub. Educ. For Bibb Cnty.*, 495 F.3d 1306, 1311 (11th Cir. 2007); *see also Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 927 (E.D. La. 2009).

59. Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

B. **FLSA Claims**

60. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

61. All conditions precedent to this suit, if any, have been fulfilled.

62. At relevant times, Defendant is/was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

63. At relevant times, Defendant is/has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

64. Each Plaintiff worked at a Pennsylvania bank branchas an employee of Defendant. 29 U.S.C. § 203(e).

65. Plaintiffs are/were paid an hourly rate of pay by Defendant.

66. Plaintiffs regularly work/worked in excess of 40 hours per seven-day workweek as employees of Defendant during the time period relevant to this lawsuit.

67. Defendant is/was required to pay Plaintiffs time and one-half their respective regular rates of pay for all hours worked over 40 in a seven day workweek. 29 U.S.C. § 207(a)(1).

68. Defendant failed to pay Plaintiffs overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

69. Defendant did not make and keep an accurate record of all hours worked by Plaintiffs as required by the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Namely, Defendant did not make and keep a record of the exact number of hours worked by Plaintiffs for time worked before and after the branch was closed to generate sales and meet sales goals.

70. Defendant's violations of the FLSA are/were willful within the meaning of 29 U.S.C. § 255(a). For example, and as described above in detail, Defendant required, permitted, and/or encouraged under payment of actual hours worked by Plaintiffs. Defendant was aware that Plaintiffs were not paid for all hours worked over 40 in a workweek. Defendant was aware that time spent before the bank branch opened and after the bank branch closed was not being compensated. Plaintiffs specifically plead recovery for the time period of three years preceding the date this lawsuit was filed forward for their FLSA claims.

71. Plaintiffs seek all damages available for Defendant's failure to timely pay all overtime wages owed.

14

## V. SECOND CLAIM FOR RELIEF: PENNSYLVANIA STATE LAW CLAIM

### A. Controlling Legal Rules

72. Employers employing employees in the state of Pennsylvania are generally required to pay those employees time and one-half their respective regular rates of pay for all hours worked over 40 in a seven day workweek. 43 PA. CONS. STAT. ANN. § 333.104(c).

73. Under Pennsylvania law, the regular rate at which an employee is employed shall be deemed to include all remuneration for employment paid to or on behalf of the employee. 34 PA. CODE § 231.43.

74. "Every employer shall pay all wages, other than fringe benefits and wage supplements, due to his employees on regular paydays designated in advance by the employer. Overtime wages may be considered as wages earned and payable in the next succeeding pay period. All wages, other than fringe benefits and wage supplements, earned in any pay period shall be due and payable within the number of days after the expiration of said pay period as provided in a written contract of employment or, if not so specified, within the standard time lapse customary in the trade or within 15 days from the end of such pay period." 43 PA. CONS. STAT. ANN. § 260.3.

75. "Where [pursuant to 43 PA. CONS. STAT. ANN. § 260.3] wagesremain unpaid for thirty days beyond the regularly scheduled payday, or, in the case where no regularly scheduled payday is applicable, for sixty days beyond the filing by the employee of a proper claim or for sixty days beyond the date of the agreement, award or other act making wages payable, or where shortages in the wage payments made exceed five percent (5%) of the gross wages payable on any two regularly scheduled paydays in the same calendar quarter, and no good faith contest or dispute of any wage claim including the good faith assertion of a right of set-off or counter-claim

15

exists accounting for such non-payment, the employee shall be entitled to claim, in addition, as liquidated damages an amount equal to twenty-five percent (25%) of the total amount of wages due, or five hundred dollars ($500), whichever is greater." 43 PA. CONS. STAT. ANN. § 260.10.

### B. PMWA and PWPCL Claims

76. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

77. At relevant times, Defendant is/was an eligible and covered employer of Plaintiffs and t Class Members under Pennsylvania State Law.

78. Plaintiffs and Class Members are/were paid an hourly rate of pay by Defendant in addition to other remuneration, including performance based bonuses such as sales quota bonuses, also known as the "Incentive Compensation Plan."

79. At material times, Plaintiffs and Class Members regularly work/worked in excess of 40 hours per seven-day workweek as employees of Defendant.

80. Defendant is/was required to pay Plaintiffs and Class Members time and one-half their respective regular rates of pay for all hours worked over 40 in each relevant seven day workweek.

81. Defendant failed to pay Plaintiffs and Class Members overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

82. By failing to timely pay the overtime wages owed to Plaintiffs and Class Members pursuant to the PMWA within the deadlines required by the PWPCL, Defendant also violated the PWPCL as to Plaintiffs and Class Members.

83. Defendant's violations of the PMWA and PWPCL are/were willful. At all material times, Defendant was aware that Plaintiffs and Class Members were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in a seven day workweek as required by the PMWA, and were not timely paid all wages owed as required by the PWPCL. Plaintiffs and the Class Members specifically plead recovery for the time period of three years preceding the date this lawsuit was filed forward for their PMWA and PWPCL claims.

84. Plaintiffs and Class Members seek all damages available for Defendant's violations of the PMWA and PWPCL.

## VI. PENNSYLVANIA STATE LAW CLASS ACTION ALLEGATIONS

85. Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

86. Plaintiffs bring their PMWA and PWPCL claims as a class action under Federal Rule of Civil Procedure 23(a), (b)(1) and (3).

87. Plaintiffs seek to represent a Class initially defined as: "All hourly paid retail bank employees who work/worked for Defendant in Pennsylvania and who are/were not paid all overtime wages required by the PMWA within the deadlines set forth in the PWPCL." Plaintiffs request the opportunity to expand, narrow, or modify the class definition pursuant to a motion for class certification and/or amended pleading to the extent discovery reveals that the class definition should be modified.

88. Plaintiffs' claims satisfy the numerosity, commonality, typicality, adequacy and superiority requirements of a class action.

89. On information and belief, there are over 1,000 Class Members, and joinder is therefore impracticable. The precise number of Pennsylvania State Law Class Members and their addresses are readily determinable from Defendant's records.

90. There are common questions of fact and law as to the class that predominate over any questions affecting only individual class members. The questions of law and fact common to the class arising from Defendant's actions/omissions include, but are not limited to, the following:

    a. Whether Defendant paid all wages owed to the Pennsylvania State Law Class Members as required by the PMWA;

    b. Whether Defendant's pay practices as to the Pennsylvania State Law Class Members violated the PWPCL; and

    c. The appropriate method to calculate damages under the PMWA and PWPCL for the Pennsylvania State Law Class Members.

91. The questions above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the PMWA and PWPCL claims.

92. A class action is the superior method for the fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to the class. The presentation of separate actions by individual class members could create a risk of inconsistent and varying adjudications, establish incompatible standards of conduct for Defendant, and/or substantially impair or impede the ability of class members to protect their interests.

93. Plaintiffs are affected former employees of Defendant who were not paid all overtime wages as required by the PMWA within the deadlines set forth in the PWPCL.

Plaintiffs are, therefore, members of the putative class. Plaintiffs are committed to pursuing this action and have retained counsel with extensive experience in prosecuting complex wage, employment, and class action litigation. Accordingly, Plaintiffs are adequate representatives of the putative class and have the same interests as of its members. Further, Plaintiffs' claims are typical of the claims of the Class Members, and Plaintiffs will fairly and adequately protect the interests of the absent members of the putative class. Plaintiffs and their counsel do not have claims or interests that are adverse to the Class Members.

## VII.   JURY DEMAND

94.   Plaintiffs request a trial by jury with respect to all claims.

## VIII.   DAMAGES AND PRAYER

95.   Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendant:

- a. An order certifying the Pennsylvania State Law Claims as a Rule 23 class action, and naming Allen R. Vaught as class counsel;
- b. All damages allowed by the FLSA, on an individual basis, and all damages allowed by Pennsylvania State Law, on a class-wide basis, including back overtime wages;
- c. Liquidated damages for their individual claims in an amount equal to back FLSA mandated wages;
- d. Liquidated damages on a class-wide basis pursuant to the Pennsylvania State Law;
- e. Legal fees;
- f. Costs;
- g. Post-judgment interest; and
- h. All other relief to which Plaintiffs and the Class Members are entitled.

Respectfully submitted,

MORGAN & PAUL, PLLC

*Greg Paul /sr*
_____
GREGORY G. PAUL
PA I.D. Number: 83334
First and Market Building
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
(412) 259-8375
(888) 822-9421 (facsimile)
gregpaul@morgan-paul.com


BARON & BUDD, P.C.

/s/ Allen R. Vaught
_____
Allen R. Vaught
TX Bar No. 24004966
Melinda Arbuckle
TX Bar No. 24080773
Farsheed Fozouni
TX Bar No. 24097705
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
(214) 521-3605 – Telephone
(214) 520-1181 – Facsimile
avaught@baronbudd.com
marbuckl@baronbudd.com
ffozouni@baronbudd.com

ATTORNEYS FOR PLAINTIFFS