## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BEVERLY MILLER and ROGER PLATE, on behalf of themselves and all others similarly situated, | : : : : | Civil Action No. 2:16-cv-05597-JHS |
| Plaintiffs, | : | |
| v. | : : | JURY TRIAL DEMANDED |
| WELLS FARGO BANK, N.A., | : : | FLSA COLLECTIVE ACTION COMPLAINT |
| Defendant. | : : | |

**FILED**

JAN 2 5 2017

KATE BARKMAN, Clerk
By _____ Dep. Clerk

### PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs, Beverly Miller ("Miller") and Roger Plate ("Plate") (collectively, "Plaintiffs"), on behalf of themselves and all others similarly situated, file this First Amended Complaint against Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant"), showing in support as follows:

### I.   NATURE OF THE CASE

1.      Plaintiffs file this First Amended Complaint as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1)(B). (*See* ECF No. 11).

2.      This is a civil action brought by Plaintiffs pursuant to the federal Fair Labor Standards Act, 29 U.S.C. §§ 201-219 and the federal Portal-to-Portal Act, 29 U.S.C. §§ 251-262, (collectively, "FLSA") for Defendant's failure to pay Plaintiffs time and one-half their regular rates of pay for all hours worked over 40 during each seven-day workweek.

3.      First, Defendant knew or should have known that Plaintiffs were working time for which they were not compensated (the "Off-the-Clock Claims"). Excluding that off-the-clock time worked, Plaintiffs regular worked 40 or more hours per workweek. As a result, that unpaid off-the-clock work resulted in Plaintiffs not being paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every workweek.

4.     Second, Defendant failed include all remuneration required by the FLSA in calculating Plaintiffs' respective regular rates of pay, and, consequently, their overtime wages owed (the "Regular Rate Claims"). For example, remuneration paid to Plaintiffs, such as performance-based bonuses, was not factored into their respective regular rates of pay for purposes of calculating their overtime wages owed. As a result, Plaintiffs were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every workweek.

5.     Plaintiffs file this lawsuit individually and on behalf of all others similarly situated as an FLSA collective action pursuant to 29 U.S.C. § 216(b) against Defendant for its failure to pay Plaintiffs and putative collective action members time and one-half their regular rates of pay for all hours worked over 40 during each seven-day workweek.

6.     With respect to the Off-the-Clock Claims, Plaintiffs seek to represent a FLSA collective action consisting of similarly situated individuals who are/were employed by Defendant in its Philadelphia Community Banking Region that were not paid all FLSA overtime wages owed relative to off-the-clock hours Defendant knew or had reason to believe they worked.

7.     As to the Regular Rate Claims, Plaintiffs seek to represent a nation-wide FLSA collective action consisting of all similarly situated individuals who are/were employed by Defendant and received additional remuneration above their base pay in the form of performance-based bonuses that was not included in their respective regular rates of pay resulting in them not being paid all FLSA overtime wages owed.

8.      In connection with all claims in this lawsuit, Plaintiffs and the putative collective action members seek all damages available under the FLSA, including back wages, liquidated damages, legal fees, costs, and post-judgment interest.

9.      Unless otherwise stated, the time period relevant to the damage claims in this lawsuit is three years preceding the date this lawsuit was filed and forward.

## II.    THE PARTIES, JURISDICTION, AND VENUE

### A.    Plaintiff Beverly Miller

10.     Miller is a natural person who resides in Camden County, New Jersey. She has standing to file this lawsuit.

11.     Miller is a former employee of Defendant with dates of employment of approximately December 2010 to August 2016.

12.     Miller primarily worked as a Service Manager 1 for Defendant.

13.     Miller worked for Defendant in its Philadelphia Community Banking Region.

14.     Miller was paid an hourly rate by Defendant of approximately $19.58 per hour.

15.     Miller regularly worked 40 or more hours per workweek on-the-clock as an employee of Defendant's.

16.     Miller routinely worked off-the-clock hours which Defendant knew and/or had reason to believe she worked, but was not compensated.

17.     In addition to her hourly pay, Miller also received performance-based bonuses which were not included in her regular rate of pay when Defendant calculated her overtime wages owed.

**B.**     **Plaintiff Roger Plate**

18.     Plate is a natural person who resides in Montgomery County, Pennsylvania. He has standing to file this lawsuit.

19.     Plate is a former employee of Defendant with dates of employment from approximately January 2010 to December 2013.

20.     Plate primarily worked as a Personal Banker for Defendant.

21.     Plate worked for Defendant in its Philadelphia Community Banking Region.

22.     Plate was paid an hourly rate by Defendant of approximately $19 per hour.

23.     Plate regularly worked 40 or more hours per workweek on-the-clock as an employee of Defendant's.

24.     Plate routinely worked off-the-clock hours which Defendant knew and/or had reason to believe he worked, but was not compensated.

25.     In addition to his hourly pay, Plate also received performance-based bonuses which were not included in his regular rate of pay when Defendant calculated his overtime wages owed.

**C.**     **FLSA Overtime Collective Action Members**

**1.**     **Off-the-Clock Claim Collective Action Members**

26.     The Off-the-Clock Collective Action Members ("Off-the-Clock Collective Action Members") are all current and/or former hourly paid bank employees of Defendant similarly situated to Plaintiffs who: (a) work/worked for Defendant in its Philadelphia Community Banking Region; (b) are/were paid on an hourly rate basis; (c) work/worked more than 40 hours in any workweek; (d) work/worked hours over 40 in a workweek(s) for which Defendant knew or had reason to believe they worked and should have been paid, but were not paid; and (e)

are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each such workweek by Defendant.

27.     All Off-the-Clock Claim Collective Action Members are similarly situated to Plaintiffs, and to one another, within the meaning of Section 216(b) of the FLSA.

28.     Plaintiffs reserve the right to refine the definition of the Off-the-Clock Collective Action Class pursuant to amended pleadings, conditional certification/decertification proceedings, or as otherwise allowed by the Court.

     **2.**     <u>**Regular Rate Claim Collective Action Members**</u>

29.     The Regular Rate Claim Collective Action Members ("Regular Rate Collective Action Members") are all current and/or former hourly paid bank employees of Defendant similarly situated to Plaintiffs who: (a) are/were paid on an hourly rate basis; (b) work/worked more than 40 hours in any workweek; (c) are/were paid additional remuneration relative to those workweeks, including performance-based bonuses, that was not included by Defendant in calculating their respective FLSA regular rates of pay; and (d) are/were not paid all FLSA overtime wages owed due to Defendant's failure to include that additional remuneration in calculating the regular rate of pay.

30.     All Regular Rate Claim Collective Action Members are similarly situated to Plaintiffs, and to one another, within the meaning of Section 216(b) of the FLSA.

31.     Plaintiffs reserve the right to refine the definition of the Regular Rate Collective Action Class pursuant to amended pleadings, conditional certification/decertification proceedings, or as otherwise allowed by the Court.

D.      **Defendant Wells Fargo Bank, N.A.**

32.     On information and belief, Defendant is a foreign corporation incorporated under the laws of the State of Delaware.

33.     During all times relevant to this lawsuit, Defendant has done business in the State of Pennsylvania.

34.     Defendant operates numerous bank branches throughout Pennsylvania, and across the United States, in which retail banking employees provide banking and financial services to customers.

35.     At all times relevant to this lawsuit, Defendant has been an "enterprise engaged in commerce" as defined by the FLSA.

36.     At all times relevant to this lawsuit, Defendant employed, and continues to employee, two or more employees.

37.     At all times relevant to this lawsuit, Defendant employed two or more employees who engaged in commerce and/or who handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

38.     For example, Defendant employed two or more employees who regularly engaged in commerce in their daily work. Examples of that commerce include providing financial services to customers located throughout the United States.

39.     Furthermore, Defendant employed two or more employees who regularly handled, sold, or otherwise worked on goods and/or materials in their daily work that were moved in and/or produced for commerce. Examples of such goods and/or materials include computers, computer-related supplies and equipment, communication devices and equipment, and office supplies.

40.     On information and belief, at all times relevant to this lawsuit, Defendant has had annual gross sales or business volume in excess of $500,000.

41.     Defendant has been served with summons and has entered an appearance in this lawsuit.

**E.      Jurisdiction and Venue**

42.     The Court has personal jurisdiction over Defendant based on both general and specific jurisdiction.

43.     During all times relevant to this lawsuit, Defendant has done business in the State of Pennsylvania and continues to do business in the State of Pennsylvania.

44.     The Court has subject matter jurisdiction over this case based on federal question jurisdiction, 28 U.S.C. § 1331, because Plaintiffs base their claims, in part, on federal law, namely the FLSA.

45.     Venue is proper in the United States District Court for the Eastern District of Pennsylvania because a substantial part of the events giving rise to the claims in this lawsuit occurred in this judicial district.

46.     Venue is proper in the Philadelphia Division of the United States District Court for the Eastern District of Pennsylvania because a substantial part of the events giving rise to the claims in this lawsuit occurred in the Philadelphia Division.

**III.      FACTUAL BACKGROUND**

47.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

48.     Plaintiffs are former retail banking services employees of Defendant.

49.     Plaintiffs were paid an hourly rate of pay by Defendant.

50.    In addition to their hourly rate, Defendant also paid Plaintiffs additional remuneration, such as performance-based bonuses.

51.    Plaintiffs worked in Defendant's Philadelphia Community Banking Region banking branches/stores. During times relevant, Defendant operated up to approximately 50 bank branches throughout Philadelphia Community Banking Region.

52.    Plaintiffs were non-exempt employees of Defendant under the FLSA. When Plaintiffs worked more than 40 hours per seven-day workweek for Defendant, they were entitled to receive overtime premium compensation at the rate of one and one-half times their respective regular rates of pay for all such hours worked over 40.

53.    Defendant employs/employed numerous individuals who are/were similarly situated to Plaintiffs relative to Defendant's retail banking services, both nationally and in Philadelphia Community Banking Region. Like Plaintiffs, those other individuals are/were paid a base hourly rate. Like Plaintiffs, those other individuals are/were FLSA non-exempt employees. Like Plaintiffs, those other individuals are/were paid performance-based remuneration in addition to their hourly rates of pay. Like Plaintiffs, those other individuals perform/performed retail banking service primary job duties in Defendant's branches/stores. Like Plaintiffs, those other similarly situated individuals are/were subjected to Defendant's practices and/or policies which are the basis of Plaintiffs' Off-the-Clock Claims and/or Regular Rate Claims.

A.    **Off-the-Clock Work**

54.    Defendant had a policy and/or practice of pressuring and coercing Plaintiffs and Off-the-Clock Collective Action Members into omitting time worked during the workday and workweek despite routinely working over 40 hours a week in a given seven-day workweek.

Additionally, Defendant had a policy and/or practice of reducing and/or removing overtime hours reported by Plaintiffs and the Off-the-Clock Collective Action Members. That off-the-clock work was not paid by Defendant which resulted in Plaintiffs and the Off-the-Clock Collective Action Members not being paid all FLSA overtime compensation owed by Defendant.

55.     The off-the-clock work was integral and indispensable to the principal work activities of Plaintiffs and the Off-the-Clock Collective Action Members for Defendant. For example, Plaintiffs and the Off-the-Clock Collective Action Members were required and/or knowingly permitted to arrive at work earlier than their scheduled workday shifts to participate in daily conference calls with banking management and regional management ("Management") to discuss daily or periodic sales quotas/business goals, but Defendant's practice and/or policy was to not pay Plaintiffs and the Off-the-Clock Collective Action Members for that work. Plaintiffs and the Off-the-Clock Collective Action Members were typically not allowed to report this time worked for pay purposes, or if it was reported, it was typically removed or deleted by Management. Defendant also knew and/or had reason to believe that Plaintiffs and the Off-the-Clock Collective Action Members work/worked to meet business goals/sales quotas during unpaid lunch breaks. Additionally, Plaintiffs and the Off-the-Clock Collective Action Members were routinely required and/or knowingly permitted to work later than scheduled during a typical workday if sales quotas/business goals were not met. Defendant had a policy and/or practice of not allowing those employees to include that time worked for pay purposes or otherwise removing or deleting that time worked if reported. That resulted in Plaintiffs and the Off-the-Clock Collective Action Members not being paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every workweek.

56.     Plaintiffs and the Off-the-Clock Collective Action Members were also encouraged, expected, and/or required by Defendant to engage in generating customer sales leads after typical business hours and on weekends. Defendant knew and/or had reason to believe that such time was worked, but unpaid. That resulted in Plaintiffs and the Off-the-Clock Collective Action Members not being paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every workweek.

57.     Furthermore, when a given branch/store was short-staffed, Plaintiffs and the Off-the-Clock Collective Action Members are/were required and/or knowingly permitted by Defendant to work longer than their respective scheduled shifts to ensure that the branch/store continued to operate and meet business goals/sales quotas. That time worked was typically not paid which resulted in Plaintiffs and the Off-the-Clock Collective Action Members not being paid time and one-half their respective regular rates of pay for all hours worked over 40 in each and every workweek.

58.     Additionally, because Defendant's policies and practices required that certain retail banking employees approve transactions over a certain dollar amount and required at least two employees carrying different sets of combinations and/or keys to open the bank vault and other secured areas (a policy called "dual control"), Plaintiffs and the Off-the-Clock Collective Action Members were regularly required and/or knowingly permitted to work outside of their respective scheduled workday shifts without being paid for that work. As a result, Defendant knew or had reason to believe that Plaintiffs and the Off-the-Clock Collective Action Members performed that work, which was in excess of 40 hours in a given seven-day workweek, without being paid time and one-half their respective regular rates of pay for that work.

59.     Defendant had a policy and/or practice of reprimanding Plaintiffs and the Off-the-Clock Collective Action Members for reporting all hours worked over 40 in a given workweek. This practice and/or policy also contributed to off-the-clock overtime hours being worked by Plaintiffs and the Off-the-Clock Collective Action Members for which they were not compensated. Defendant knew and/or had reason to believe that Plaintiffs and Off-the-Clock Collective Action Members work/worked more hours than reported on their respective time sheets/to payroll. As a result, Defendant knew and/or had reason to believe that Plaintiffs and the Off-the-Clock Collective Action Members were not paid time and one-half their respective regular rates of pay for all hours worked over 40 during each and every workweek.

60.     Defendant's off-the-clock practices and/or policies resulted in Plaintiffs and the Off-the-Clock Collective Action Members not being paid time and one-half their respective regular rates of pay for all hours worked over 40 for each and every seven-day workweek in the time period relevant to this lawsuit.

61.     At all times relevant to this lawsuit, Defendant has been aware that it was required to pay non-exempt employees time and one-half their respective regular rates of pay for all hours worked over 40 during each and every seven day workweek.

62.     Management was routinely, if not always, present during conference calls when Plaintiffs and the Off-the-Clock Collective Action Members worked without compensation. Management was also routinely present in the relevant branch/store while Plaintiffs and the Off-the-Clock Collective Action Members worked off-the-clock before and after their scheduled shifts, and during unpaid lunch breaks. Accordingly, Defendant had knowledge that Plaintiffs and the Off-the-Clock Collective Action Members worked off-the-clock hours and, as a result, were not paid time and one-half their regular rates of pay for all FLSA overtime hours worked.

B.      **Regular Rate Miscalculations**

63.     In addition to receiving hourly pay, Plaintiffs and the Regular Rate Collective Action Members are/were also eligible for and receive/received additional remuneration beyond their hourly rate consisting of performance-based bonus compensation. Examples of that performance-based bonus compensation include remuneration for meeting and/or exceeding business goals and/or sales quotas.

64.     That performance-based remuneration should be/have been included by Defendant in calculating Plaintiffs' and the Regular Rate Collective Action Members' respective regular rates of pay when calculating their overtime wages owed for on-the-clock overtime hours worked corresponding to time periods in which the additional remuneration was earned. However, that remuneration is not/was not included by Defendant in calculating the regular rates of pay for Plaintiffs and the Regular Rate Collective Action Members which results/resulted in Defendant's failure to pay them time and one-half their respective regular rates of pay for all hours worked over 40 in each and every seven day workweek.

65.     Additionally, that performance-based remuneration should be included in calculating Plaintiffs' and the Off-the-Clock Collective Action Members' overtime wages relative to the Off-the-Clock Claims in this lawsuit.

## IV.      CONTROLLING LEGAL RULES

66.     Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

67.     "Employ" includes to suffer or permit work. 29 U.S.C. § 203(g).

68.     The FLSA generally requires that an employer employing an employee for a workweek exceeding 40 hours must compensate the employee for hours worked over 40 "at a rate not less than one and one-half times the regular rate of pay." 29 U.S.C. § 207(a)(1).

69.     The "regular rate" includes "all remuneration for employment paid to, or on behalf of, the employee." 29 U.S.C. § 207(e). With a few limited exceptions, all remuneration given to an employee must be included in the employee's regular rate calculation. 29 U.S.C. § 207(e); 29 C.F.R. § 778.108; *accord Madison v. Resources for Human Development, Inc.*, 233 F.3d 175, 187 (3d Cir. 2000); *Allen v. Board of Pub. Educ. For Bibb Cty.*, 495 F. 3d 1306, 1311 (11th Cir. 2007).

70.     "[I]t is the duty of the management to exercise its control and see that the work is not performed if it does not want it to be performed. It cannot sit back and accept the benefits without compensating for them. The mere promulgation of a rule against such work is not enough. Management has the power to enforce the rule and must make every effort to do so." 29 C.F.R. § 785.13; *accord Chao v. Gotham Registry, Inc.*, 514 F.3d 280, 288 (2nd Cir. 2008) (same).

71.     Failing to pay the required overtime premium for hours worked over 40 in a workweek is a violation of the FLSA. 29 U.S.C. § 216.

72.     Employers who violate the FLSA's overtime provisions "shall be liable to the … employees affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be, and in an additional equal amount as liquidated damages." 29 U.S.C. § 216(b).

73.     Federal law requires employers to make and keep accurate and detailed payroll data for non-exempt employees. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2. Amongst other things,

the regulations require employers to make and keep payroll records showing data such as the employee's name, social security number, occupation, time of day and day of week which the workweek begins, regular hourly rate of pay for any week in which overtime pay is due, hours worked each workday and total hours worked each workweek, total daily or weekly straight time earnings, total premium pay for overtime hours, total wages paid each pay period and date of payment and pay period covered by the payment, and records of remedial payments. 29 C.F.R. § 516.2(a)&(b). Employers are required to maintain the foregoing data for a minimum of three years. 29 C.F.R. § 516.5.

## V.   PLAINTIFFS' FLSA CLAIMS

74.    Plaintiffs incorporate the preceding paragraphs by reference as if set forth fully in this section.

75.    All conditions precedent to this suit, if any, have been fulfilled.

76.    At relevant times, Defendant is/was an eligible and covered employer under the FLSA. 29 U.S.C. § 203(d).

77.    At relevant times, Defendant is/has been an enterprise engaged in commerce under the FLSA. 29 U.S.C. § 203(s)(1)(A).

78.    Each Plaintiff was an employee of Defendant. 29 U.S.C. § 203(e).

79.    Plaintiffs were paid an hourly rate of pay by Defendant in addition to other remuneration, including performance-based bonuses.

80.    Plaintiffs regularly worked in excess of 40 hours per seven-day workweek as employees of Defendant during the time period relevant to this lawsuit.

81.     Defendant is/was required to pay Plaintiffs time and one-half their respective regular rates of pay for hours worked over 40 in each and every seven day workweek during the time period relevant to this lawsuit. 29 U.S.C. § 207(a)(1).

82.     Relative to Plaintiffs' Off-the-Clock Claims and Regular Rate Claims, Defendant failed to pay Plaintiffs overtime compensation at one and one-half times their respective regular rates of pay for all hours worked over 40 in each and every seven-day workweek during the time period relevant to this lawsuit.

83.     Defendant did not make and keep an accurate record of all hours worked by Plaintiffs as required by the FLSA. 29 U.S.C. § 211(c); 29 C.F.R. § 516.2(a). Namely, Defendant did not make and keep a record of the exact number of hours worked by Plaintiffs per workday and per workweek for off-the-clock work performed by Plaintiffs.

84.     Defendant's violations of the FLSA are/were willful within the meaning of 29 U.S.C. § 255(a). For example, and as described above in detail, Defendant required, permitted, and/or encouraged under payment of actual hours worked by Plaintiffs. Defendant knew and/or had reason to believe that Plaintiffs were not paid all overtime premium compensation owed for all hours worked over 40 in each and every seven day workweek. Plaintiffs specifically plead recovery for the time period of three years preceding the date this lawsuit was filed forward for their FLSA claims.

85.     Plaintiffs seek all damages available for Defendant's failure to timely pay all overtime wages owed.

## VI.     FLSA COLLECTIVE ACTION ALLEGATIONS

86.     Defendant employs/employed numerous individuals who are/were similarly situated to Plaintiffs relative to Defendant's retail banking services, both nationally and in

Philadelphia Community Banking Region. Like Plaintiffs, those other individuals are/were paid a base hourly rate. Like Plaintiffs, those other individuals are/were paid performance based remuneration in addition to their hourly rates of pay. Like Plaintiffs, those other individuals perform/performed retail banking service primary job duties in Defendant's branches/stores. Like Plaintiffs, those other similarly situated individuals are/were subjected to Defendant's practices and/or policies which are the basis of Plaintiffs' Off-the-Clock Claims and/or Regular Rate Claims.

A.    **Off-the-Clock Claim Collective Action**

87.    The Off-the-Clock Collective Action Members are all current and/or former hourly paid bank employees of Defendant similarly situated to Plaintiffs who: (a) work/worked for Defendant in its Philadelphia Community Banking Region; (b) are/were paid on an hourly rate basis; (c) work/worked more than 40 hours in any workweek; (d) work/worked hours over 40 in a workweek(s) for which Defendant knew or had reason to believe they worked and should have been paid, but were not paid; and (e) are/were not paid time and one-half their respective regular rates of pay for all hours worked over 40 in each such workweek by Defendant.

88.    All Off-the-Clock Claim Collective Action Members are similarly situated to Plaintiffs, and to one another, within the meaning of Section 216(b) of the FLSA.

89.    Plaintiffs and the Off-the-Clock Claim Collective Action Members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

90.    Plaintiffs reserve the right to refine the definition of the Off-the-Clock Collective Action Class pursuant to amended pleadings, conditional certification/decertification proceedings, or as otherwise allowed by the Court.

**B.**     **Regular Rate Claim Collective Action**

91.     The Regular Rate Claim Collective Action Members ("Regular Rate Collective Action Members") are all current and/or former hourly paid bank employees of Defendant similarly situated to Plaintiffs who: (a) are/were paid on an hourly rate basis; (b) work/worked more than 40 hours in any workweek; (c) are/were paid additional remuneration relative to those workweeks, including performance-based bonuses, that was not included by Defendant in calculating their respective FLSA regular rates of pay; and (d) are/were not paid all FLSA overtime wages owed due to Defendant's failure to include that additional remuneration in calculating the regular rate of pay.

92.     All Regular Rate Claim Collective Action Members are similarly situated to Plaintiffs, and to one another, within the meaning of Section 216(b) of the FLSA.

93.     Plaintiffs and the Regular Rate Claim Collective Action Members seek all damages available for Defendant's failure to timely pay all overtime wages owed.

94.     Plaintiffs reserve the right to refine the definition of the Regular Rate Collective Action Class pursuant to amended pleadings, conditional certification/decertification proceedings, or as otherwise allowed by the Court.

## VII.     JURY DEMAND

95.     Plaintiffs request a trial by jury with respect to all claims.

## VIII.     DAMAGES AND PRAYER

96.     Plaintiffs, individually and on behalf of all other similarly situated persons, pray for the following relief as against Defendant:

a.     Certification of Plaintiffs' Off-the-Clock Claims as a FLSA collective action with the requirement of notice of this lawsuit being provided to the putative Off-the-Clock Collective Action Members;

b.      Certification of Plaintiffs' Regular Rate Claims as a FLSA collective action with the requirement of notice of this lawsuit being provided to the putative Regular Rate Collective Action Members;

c.      Actual damages in the amount of unpaid overtime wages;

d.      Liquidated damages;

e.      Legal/attorneys' fees;

f.      Costs;

g.      Post-judgment interest; and

h.      All other relief to which Plaintiffs and the Off-the-Clock Collective Action Members and/or Regular Rate Collective Action Members are entitled.

Respectfully submitted,

BARON & BUDD, P.C.

s/ Allen R. Vaught
Allen R. Vaught
TX Bar No. 24004966
Melinda Arbuckle
TX Bar No. 24080773
Farsheed Fozouni
TX Bar No. 24097705
Baron & Budd, P.C.
3102 Oak Lawn Avenue, Suite 1100
Dallas, Texas 75219
(214) 521-3605 – Telephone
(214) 520-1181 – Facsimile
avaught@baronbudd.com
marbuckl@baronbudd.com
ffozouni@baronbudd.com

MORGAN & PAUL, PLLC

GREGORY G. PAUL
PA I.D. Number: 83334
First and Market Building
100 First Avenue, Suite 1010
Pittsburgh, PA 15222
(412) 259-8375

*Plaintiffs' First Amended Complaint – Page 18*

(888) 822-9421 (facsimile)
gregpaul@morgan-paul.com

ATTORNEYS FOR PLAINTIFFS

**<u>CERTIFICATE OF SERVICE</u>**

I, Allen R. Vaught, hereby certify that on January 25, 2017, I filed Plaintiffs' First Amended Complaint via hand delivery. I hereby certify that a true and correct copy of the foregoing document was served on Counsel for Defendant who have entered an appearance in this lawsuit via First Class U.S. Mail and email.

s/ Allen R. Vaught
Allen R. Vaught

**FILED**

JAN 2 5 2017

KATE BARKMAN, Clerk
By _____ Dep. Clerk

*Plaintiffs' First Amended Complaint – Page 19*