IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

BEVERLY MILLER, et al,

                    Plaintiffs,

        v.

WELLS FARGO BANK, N.A.,

                    Defendant.

CIVIL ACTION
NO. 16-5597

## OPINION

**Slomsky, J.**                                                    **May 31, 2018**

## I.    INTRODUCTION

On behalf of themselves and others similarly situated, Plaintiffs Beverly Miller and
Roger Plate filed this action against Defendant Wells Fargo Bank, N.A., their former employer.
In the Complaint, Plaintiffs allege that Defendant failed to pay Plaintiffs overtime pay for hours
worked over forty hours within a seven day work week, as required by the Fair Labor Standards
Act ("FLSA"), 29 U.S.C. § 201 et seq.; the Pennsylvania Minimum Wage Act of 1968, 43 Pa.
Cons. Stat. Ann. §§ 333.101, et seq.; and the Pennsylvania Wage Payment and Collection Law,
43 Pa. Cons. Stat. Ann. §§ 260.1, et seq.  (Doc. No. 1.)  Plaintiffs also claim that Defendant
required them to work overtime and failed to compensate them for "off-the-clock" work.  (Id. at
2.)

Before the Court is Defendant's Motion for Summary Judgment on the Claim of Plaintiff
Roger Plate.  (Doc. No. 51.)  Defendant moves for summary judgment on the only claim made
by Plaintiff Plate—the claim for overtime pay under the FLSA—arguing that Plate failed to meet
his evidentiary burden to show that he performed unpaid overtime work.  (Id. at 2.)

## II.    BACKGROUND

Plaintiff Roger Plate ("Plate") is a former hourly-paid employee of Defendant Wells Fargo Bank, N.A. ("Wells Fargo") in Philadelphia, Pennsylvania.[1]  (Doc. No. 47-3 at ¶¶ 1, 2.) From 2010 until December 2012, Plate was employed as a private banker, earning approximately $21.63 per hour.  (Id. ¶¶ 1, 7.)  As a private banker, he assisted customers with various banking services and products, such as checking and savings accounts, online banking access, loans, and lines of credit.  (Doc. No. 63 at 4.)

Plate was often required to work over forty hours per work week.  (Id. at 5.)  He generally arrived at least fifteen minutes prior to the branch's opening and often would stay until after closing in order to meet sales goals.  (Id.)  He observed that personal bankers at the King of Prussia location would be required to stay after closing on Wednesday evenings to call prospective clients and to work on Saturdays to meet sales goals.   (Doc. No. 47-3 ¶ 8.) According to Plate, Wells Fargo management was aware that he and other private bankers were working in excess of forty hours per week.  (Doc. No. 63 at 5.)  Nonetheless, management explicitly instructed Plate not to report all hours worked in excess of forty hours per work week. (Id.)  If he tried to report more than forty hours, he was told by his manager to adjust his timesheet so that it did not reflect an excess beyond forty hours worked per work week.  (Id.)

He claims that discrepancies existed between the hours he reported on his time sheet and the hours he was actually compensated for.  (Id. ¶ 18.)  Because Plate had a practice of keeping a personal record of the hours he worked, he noticed that he was not being paid for all the hours he worked.  (Doc. No. 63 at 5.)  He became concerned about any negative repercussions of

---

[1]    Since Defendant's Motion for Summary Judgment is limited to Plate's claim under the FLSA, the Court will limit its analysis to the facts concerning Plate in ruling on the Motion.

reporting the excess hours and for this reason only reported forty hours, as did other private

bankers.  (Id.)  As Plate stated in a written Declaration, taken under penalty of perjury:

> I could not meet management's expectations in performing my job duties if I did
> not work additional hours.  I was concerned about negative repercussions to my
> job if I did not work the additional hours.  Nevertheless, I was generally instructed
> by management to report only forty hours of work per work week.  On some
> occasions, when I attempted to report more hours than forty in a given work
> week, I was instructed by my direct supervisor to adjust the timesheet.  In other
> instances, if I would report more than forty hours, the hours would be adjusted by
> the district manager after they had been reported.

(Doc. No. 47-3 ¶¶ 10-11.)

In sum, Plate alleges that (1) Wells Fargo required him to work overtime hours but

prohibited him from reporting hours worked in excess of forty hours per work week; and (2) that

Wells Fargo failed to compensate him for any overtime hours worked in excess of forty hours per

work week, in violation of the FLSA and related Pennsylvania state wage laws.

## III.    STANDARD OF REVIEW

Granting summary judgment is an extraordinary remedy.  Summary judgment is

appropriate "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In reaching this

decision, the court must determine "whether the pleadings, depositions, answers to

interrogatories, admissions on file, and affidavits show that there is no genuine issue of material

fact and whether the moving party is therefore entitled to judgment as a matter of law."

Macfarlan v. Ivy Hill SNF, LLC, 675 F.3d 266, 271 (3d Cir. 2012) (citing Celotex Corp. v.

Catrett, 477 U.S. 317, 322 (1986)).  A disputed issue is "genuine" only if there is a sufficient

evidentiary basis on which a reasonable factfinder could find for the non-moving party.  Kaucher

v. County of Bucks, 455 F.3d 418, 423 (3d Cir. 2006) (citing Anderson v. Liberty Lobby, Inc.,

477 U.S. 242, 248 (1986)).  A factual dispute is "material" only if it might affect the outcome of

the suit under governing law.  <u>Doe v. Luzerne County</u>, 660 F.3d 169, 175 (3d Cir. 2011) (citing

<u>Gray v. York Papers, Inc.</u>, 957 F.2d 1070, 1078 (3d Cir. 1992)).  The Court's task is not to

resolve disputed issues of fact, but to determine whether there exist any factual issues to be tried.

<u>Anderson</u>, 477 U.S. at 247-49.

In deciding a motion for summary judgment, the Court must view the evidence and all

reasonable inferences from the evidence in the light most favorable to the non-moving party.

<u>Macfarlan</u>, 675 F.3d at 271; <u>Bouriez v. Carnegie Mellon Univ.</u>, 585 F.3d 765, 770 (3d Cir.

2009).   Whenever  a  factual  issue  arises  which  cannot  be  resolved  without  a  credibility

determination, at this stage the Court must credit the non-moving party's evidence over that

presented by the moving party.  <u>Anderson</u>, 477 U.S. at 255.  If there is no factual issue and if

only one reasonable conclusion could arise from the record regarding the potential outcome

under the governing law, summary judgment must be awarded in favor of the moving party.  <u>Id.</u>

at 250.

## IV.     ANALYSIS

Defendant Wells Fargo moves for summary judgment arguing that Plate failed to meet his

burden in proving that he performed unpaid overtime work.  (Doc. No. 51 at 2.)  Wells Fargo

claims that Plate has not submitted any evidence to support his allegation that Wells Fargo

altered his reported time so it would not reflect any hours worked beyond forty in a given work

week.  (<u>Id.</u>)  In response, Plate asserts that he has provided sufficient evidence to show that he

performed overtime work and that he was not paid accordingly for those overtime hours.  (Doc.

No. 63.)

**A.  Plate Provided Sufficient Evidence Showing that He Worked Overtime Hours**

Plate has provided sufficient evidence to support his allegation that he worked hours in excess of forty hours in a given work week, which includes his sworn testimony during a deposition and a sworn written declaration.

"When an employee brings a claim under the FLSA, he ordinarily bears the burden of proving that he performed work for which he was not properly compensated."  Rosano v. Township of Teaneck, 754 F. 3d 177, 188 (3d Cir. 2014) (citations omitted).  Thus, a plaintiff-employee "must sufficiently allege [forty] hours of work in a given work week as well as some uncompensated time in excess of the [forty] hours."  Davis v. Abington Mem'l Hosp., 765 F.3d 236, 242 (3d Cir. 2014) (emphasis omitted) (citing Lundy v. Catholic Health Sys. of Long Island, Inc., 711 F.3d 106, 14 (2d Cir. 2013)).  A plaintiff need not "identify the exact date and times that [he or] she worked overtime."  Id. at 243.  To make his prima facie burden, the plaintiff is only required to have "in fact performed work for which he was improperly compensated and . . . produce[] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference."  Reich v. Gateway Press, 13 F. 3d 685, 701 (3d Cir. 1994) (citation omitted).

In the instant case, Plate provides his own testimony in the form of a written declaration that he worked approximately fifty to fifty-five hours per work week, but that his manager instructed him not to report any hours worked in excess of forty.  (Doc. No. 47-3 ¶¶ 8, 11.)  Furthermore, during a deposition taken on May 25, 2017, Plate stated that he made a personal record of the hours he worked because he felt there were discrepancies between the hours he worked and the hours he was being compensated for.  (Doc. No. 52-1 at 38:4-39:12.)

Viewing the facts in the light most favorable to the non-moving party, who here is Plate, the evidence submitted regarding the hours Plate worked in excess of forty hours in a given work week is sufficient. He has submitted sworn testimony both in the form of his oral statements made during a deposition and written statements in his declaration.[2] Thus, Plate has met his prima facie burden to permit this Court to make a fair and reasonable inference that he performed work for which he received improper compensation in violation of the FLSA. At this point, he does not need to provide the exact instances when he was improperly compensated. Any deficiencies or inconsistencies in his statements may certainly be raised by Wells Fargo before a jury to determine whether he has shown the FLSA violations he alleges by the preponderance of the evidence.

**B. There Is a Genuine Issue of Material Fact with Respect to the Alteration of Plate's Reported Hours**

Plate has shown there are genuine issues of material fact regarding the reporting of his hours. In particular, the parties disagree about whether a manager or other employee of Defendant Wells Fargo altered Plate's time records to ensure that no hours worked in excess of forty hours were reported.

In his sworn declaration, Plate alleged that if he "would report more than forty hours, the hours would be adjusted by the district manager after they had been reported." (Doc. No. 47-3 ¶ 11.) Wells Fargo challenges this assertion on the grounds that Plate merely concluded this change without ever physically seeing a district manager or any other employee of Wells Fargo

---

[2]   During his deposition, Plate stated that he kept track of his hours on pieces of paper, placed them in his wallet, and checked to see whether the hours matched with what was reported on his pay stub later in the week. (Doc. No. 52-1 at 34:10-35:16.) He also stated that he did not recall whether he kept any of these pieces of paper and had not "honestly looked for them" at the time of his deposition, on May 25, 2017. (Id. at 35:22-36:8.) The lack of corroboration, however, will not result in the summary judgment motion being granted.

change his timesheet.  (Doc. No. 53 at 6.)  It also avers that the Time Tracker system utilized by Wells Fargo employees has a certification feature to allow employees (also known as "team members") to verify and certify the hours they worked.  (Id. at 7.)  According to Wells Fargo, it was not possible for any other person to revise the hours entered by a given team member.  Thus, Plate had the opportunity to verify the accuracy of his hours without the possibility of someone altering what he had entered.

This dispute between the parties shows that there is a genuine material issue of fact as to whether Plate's timesheets were altered by Wells Fargo.  While Wells Fargo avers that Plate was paid accordingly for the hours reported, this misses the point.  Plate's argument is that his reported hours were reduced so that his compensation only reflected that reduced amount of hours, not the hours he actually worked.  He also alleges that Wells Fargo implemented a policy prohibiting any hours worked above forty hours to be reported, even if he did actually work overtime.  Plate's sworn testimony and declaration directly contradict Wells Fargo's evidence that he only worked for no greater than forty hours in a given work week.  Accordingly, the question of whether Plate was prohibited from reporting overtime hours worked is the crux of the FLSA violation and therefore must be decided by a jury.

### A.  There Is a Genuine Issue of Material Fact with Respect to the Hours Actually Worked by Plate

There is also a genuine dispute of material fact as to the amount of hours worked in a given work week by Plate.  Although Plate claims that on average he worked fifty to fifty-five hours per week (Doc. No. 47-3 at ¶ 8), Wells Fargo argues that he actually worked typically less than forty-one hours per week (Doc. No. 53 16).  Because Plate must prove that he worked in excess of forty hours per work week and that he was not compensated for those overtime hours to prevail on his FLSA claim, summary judgment will not be granted.

When ruling on a motion for summary judgment, "a district court may not make credibility determinations or engage in any weighing of the evidence." Paladino v. Newsome, 885 F.3d 203, 209-10 (3d Cir. 2018) (citations omitted). Instead, "the non-moving party's evidence 'is to be believed and all justifiable inferences are to be drawn in his favor.'" Marino v. Indus. Crating Co., 358 F.3d 241, 247 (3d Cir. 2004) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986)).

Wells Fargo insists that its Time Tracker program accurately captured the hours reported by its team members and included a certification feature so that every team member could certify the veracity of the hours reported. It also claims that the system did not enable any other users to change a given team member's hours. This directly contradicts Plate's allegation that a district manager altered his reported hours if he ever reported more than forty hours. Moreover, Plate also claims that Wells Fargo had an unwritten policy to underreport hours if Plate ever worked over forty hours. Thus, the issue of exactly how many hours Plate worked in a given work week must be determined by at trial.

V.   **CONCLUSION**

For the foregoing reasons, Defendant's Motion for Summary Judgment on the claim of Plaintiff Roger Plate (Doc. No. 51) will be denied. An appropriate Order follows.